UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIDRA A. LINTZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No.  2:11-cv-2837-WBS-EFB<br><br><br>ORDER |

　　　　Plaintiff brought this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner") finding that she is responsible for an overpayment of Supplemental Security Income benefits.  On July 26, 2012, the court remanded this matter for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g).  ECF No. 16.  Remand was necessary because the record of the administrative hearing was "not available."  ECF No. 15.

　　　　On May 4, 2016, plaintiff filed a purported stipulation and proposed order to reopen this case.  ECF No. 18 at 1-3.  The stipulation indicates that on remand plaintiff received an unfavorable decision and therefore reopening this case for entry of final judgment or dismissal is appropriate.  Id. at 2; see Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991) (Under a sentence six remand, the district court retains jurisdiction and "the Secretary must return to the district court to

1

1  file with the court any such additional or modified findings of fact and decision, and a transcript
2  of the additional record and testimony upon which his action in modifying or affirming was
3  based.") (quotations omitted).  The purported stipulation, however, is not signed by defendant.
4  Moreover, appended to the stipulation is plaintiff's request that the court now enter judgment in
5  her favor. Id. at 4-9.

6        The Commissioner filed a partial opposition to the stipulation in which she explains that
7  she stipulates to the reopening of this case so that a certified administrative record may be filed to
8  allow this court to review the unfavorable decision.  ECF No. 19 at 1-2.  The Commissioner does
9  not, however, stipulate to the appended pages seeking entry of judgment in plaintiff's favor.  Id.
10 at 2.  Rather, the Commissioner requests that to the extent the court construes the appended pages
11 as a motion for summary judgment, the motion be denied as no administrative record has been
12 filed in this case.

13       As it appears the parties agree, the court reopens this case.  However, a complete record is
14 necessary before the court may review the final decision of the Commissioner and determine
15 whether entry of judgment in plaintiff's favor is appropriate.  Accordingly, the court denies
16 plaintiff's request for entry of judgment, construed as a motion for summary judgment, without
17 prejudice and directs the Commissioner to file a certified administrative record.

18       Accordingly, it is hereby ORDERED that:
19       1. The clerk is directed to reopen this case.
20       2. Plaintiff's request for entry of judgment is denied without prejudice.
21       3. Within 60 days of the date of this order, the Commissioner shall file a certified
22 administrative record.
23       4. Within forty-five days after being served with the administrative record, plaintiff shall
24 file a motion for summary judgment and/or remand.
25       5. Within thirty days after plaintiff's motion for summary judgment and/or remand is
26 served, the Commissioner shall file an opposition or a statement of non-opposition to plaintiff's
27 motion, as well as any cross-motions.
28 /////

6.  Within twenty-one days thereafter, plaintiff shall file an opposition or a statement of non-opposition to any cross-motions filed by the Commissioner, as well as any reply in support of plaintiff's motion for summary judgment and/or remand.

Dated: July 1, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE