UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIDRA A. LINTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:11-cv-2837-WBS-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Deidra Lintz, is the representative payee for Brandon Blackmon, a disabled individual who receives Supplemental Security Income benefits. As discussed below, Blackmon was overpaid benefits and at some point Lintz requested a waiver of the recovery of the overpayment. That request was denied and Lintz now seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for waivers of recovery of overpayment of Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, it is recommended that plaintiff's motion be granted, the Commissioner's motion be denied, and the matter be remanded for further proceedings.

/////

/////

1

I. BACKGROUND

In 2002, plaintiff's son (the "claimant") filed an application for SSI benefits, which was granted. Administrative Record ("AR") 15. In July 2006, the Social Security Administration informed plaintiff, who is the claimant's representative payee, that there was an overpayment of $2,605 for the period of March 1, 2005 through December 1, 2005, due to unreported income received by plaintiff during that period. AR 20. Plaintiff subsequently received a second notice of overpayment, this one indicating that the claimant was overpaid $2,787 from November 2006 to April 2007, also due to unreported income. *Id*. at 30-33.

Plaintiff filed requests for waiver of overpayment recovery (*id*. at 112-121), which were denied initially and on reconsideration (*id*. at 25-29, 36-41). On October 29, 2009, a hearing was held before administrative law judge Stanley R. Hogg ("ALJ Hogg"). *Id.* at 59. On December 14, 2009, ALJ Hogg issued a decision denying plaintiff's request for waivers. *Id.* at 59-62. The Appeals Council subsequently denied plaintiff's request for review, leaving ALJ Hogg's decision as the final decision of the Commissioner. *Id*. at 69-71.

Plaintiff then filed the instant action challenging the Commissioner's denial of her application for a waiver. ECF No. 1. In July 2012, the court granted the Commissioner's unopposed motion to remand the matter pursuant to sentence six of 42 U.S.C. § 405(g), finding that meaningful review of ALJ Hogg's decision could not be completed because a recording of the October 29, 2009 hearing was unavailable. ECF Nos. 11, 15.

On April 26, 2013, a new hearing was held before ALJ Peter F. Belli (the "ALJ"). AR 126-155. On June 10, 2013, the ALJ issued a decision denying plaintiff's applications for waivers. *Id*. at 15-19. Specifically, the ALJ found that plaintiff was not "without fault" in causing or accepting the overpayments because she accepted payments she knew, or should have known, were incorrect. *Id*. at 18.

/////
/////
/////
/////

Plaintiff subsequently filed a written exception to the ALJ's decision, but the Appeals Council declined to assume jurisdiction.[1] *Id*. at 3-4. Accordingly, the ALJ's June 10, 2013 decision is the final decision of the Commissioner. 20 C.F.R. § 416.1484(d).

II. LEGAL STANDARDS

The Commissioner's decision to not waive recovery of overpayment will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Anderson v. Sullivan*, 914 F.2d 1121, 1122 (9th Cir. 1990).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. ANALYSIS

Plaintiff does not dispute that an overpayment occurred. Nor does she challenge the amount of the assessed overpayment. Rather, plaintiff only challenges the ALJ's finding that she was not entitled to a waiver of recovery of the overpaid amounts. ECF No. 24. To qualify for a waiver, she must have been without fault in causing or receiving the overpayment. She argues

---

[1] Once an ALJ issues a decision after remand from the district court, the plaintiff has 30 days to file exceptions with the Appeals Council, requesting the Appeals Council review the ALJ's decision. 20 C.F.R. § 416.1484(b). If the Appeals Council finds no basis for changing the ALJ's decision, it is required to issue a notice addressing the claimant's exceptions and explaining why no change is warranted. 20 C.F.R. § 416.1484(b)(2). "In this instance, the decision of the administrative law judge is the final decision of the Commissioner after remand." *Id*.

that the ALJ erred in (1) finding that she was not "without fault" in receiving the overpayment because she knew, or should have known, that the payments were incorrect, and (2) failing to fully develop the record by obtaining testimony pertinent to the overpayment inquiry. *Id*. at 4-7. As explained below, the record before the court is insufficient to sustain the ALJ's findings, necessitating remand for further administrative proceedings.

Upon determining that an overpayment has been made, the Social Security Administration's ("SSA") practice is "to notify the recipient of that determination, and then to shift to the recipient the burden of either (i) seeking reconsideration to contest the accuracy of that determination, or (ii) asking the [Commissioner] to forgive the debt and waive recovery . . . ." *Califano v. Yamasaki*, 442 U.S. 682, 686 (1979). Where, as here, a representative payee has been found liable for repayment of the overpaid benefits, she has a right to challenge her responsibility for repayment by requesting a waiver. POMS: IS 02220.001.[2]

The Commissioner may waive recovery of overpaid benefits under certain circumstances provided the "overpaid individual was without fault in connection with an overpayment." 20 C.F.R. § 416.550; *see also* 42 U.S.C. § 404(b)(1) ("there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience."). However, the party seeking a waiver bears the burden of proving she was without fault. *McCarthy v. Apfel*, 221 F.3d 1119, 1129 (9th Cir. 2000).

"Whether an individual is without fault depends on all the pertinent circumstances surrounding the overpayment in the particular case." 20 C.F.R. § 416.552. In assessing fault, the agency "considers the individual's understanding of the reporting requirements, the agreement to report events affecting payments, knowledge of the occurrence of events that should have been reported, efforts to comply with the reporting requirements, opportunities to comply with the

---

[2] The SSA's Program Operations Manual System ("POMS") provides that a claimant and his or her representative payee are both liable for an overpayment where benefits are expended on the claimant's support and the representative payee was at fault. POMS: IS 02201.020(A)(5); *see also Evelyn v. Schweiker*, 685 F.2d 351 (9th Cir. 1982) (holding that the Commissioner may recover overpayments from a representative payee).

4

reporting requirements, understanding of the obligation to return checks which were not due, and ability to comply with the reporting requirements (e.g., age, comprehension, memory, physical and mental condition)." *Id*. However, an individual will be found to be at fault where she failed to "return a payment which [she] knew or could have been expected to know was incorrect." *Id*.

On remand, the ALJ concluded that plaintiff was not without fault because she failed to return payments she knew, or should have known, were incorrect. AR 18. After purporting to summarize plaintiff's testimony, the ALJ provided the following discussion to support his conclusion that plaintiff was not without fault in receiving the overpayment:

> If we credit Ms. Lintz's testimony that she always submitted wage stubs timely, then it is reasonable to conclude that Ms. Lintz should have questioned the amount of the claimant's payments from month to month. If she submitted wage stubs, but then saw no accompanying changes in the claimant's payments, she should have realized that the necessary changes had not been made to the claimant's record and should have checked with the office regarding the payments, rather than just using the money.

*Id*.

Thus, the ALJ concluded that plaintiff's own testimony did not support her contention that she was without fault in receiving the overpayments. Consequently, he found that plaintiff was liable for the overpayments. AR 16 n.1. The problem is that the basis for the ALJ's holding—plaintiff's testimony—is conspicuously absent from the record. The transcript of the April 26, 2016 hearing reflects that the ALJ prohibited plaintiff from testifying. *Id*. at 126-155.

Although less than clear, the hearing transcript suggests that the ALJ would not permit plaintiff to testify due to the ALJ's failure to understand that plaintiff appeared at the hearing to challenge her own (as opposed to Blackmon, the disabled beneficiary's) liability for the overpayments.[3] *See generally* AR 128-155. Despite plaintiff's attempt to explain that she was the claimant's representative payee, and therefore potentially liable for any overpayment, the ALJ erroneously assumed that plaintiff's appearance at the hearing was solely to represent the claimant's interest as a non-attorney representative, not to contest her own liability. *See, e.g., id*.

---

[3] Only plaintiff, the representative payee, appeared at the hearing. Blackmon did not.

at 129-130 (ALJ stating, "But you cannot - -as his representative, you cannot - - you're not here to give evidence."), 144 (ALJ stating that "we have no oral testimony today because you're the representative."), 147 (plaintiff stating, "I thought I was representing this case [as] the representative payee for the error that I was being accounted for. . . . I'm not trying to come in and represent [the claimant] . . . ."), 148 (ALJ stating that "you're his representative. You are not his – you are not the witness.").

The ALJ apparently became aware of his mistake after the hearing, as his decision specifically concluded that plaintiff, as opposed to the claimant, was not without fault in receiving the overpayment. *See id*. 16 n.1. The ALJ's decision, however, fails to acknowledge the error made at the hearing and, as noted above, even purports to provide a summary of plaintiff's testimony.

This of course begs the question of how was the ALJ able to provide a summary of plaintiff's testimony in the written decision when plaintiff was prohibited from testifying at the hearing. It appears that the ALJ adopted verbatim extensive portions of the prior decision issued by ALJ Hoggs, including the summary of plaintiff's testimony from the first administrative hearing and ALJ Hogg's analysis and reasoning for finding that plaintiff was not without fault. *See id*. at 59-62.

As noted above, this case was remanded to the Commissioner because there was no record of the administrative hearing held before ALJ Hogg. The Commissioner previously acknowledged in his motion to remand that the hearing transcript of plaintiff Lintz's testimony was necessary to permit meaningful review of the ALJ's decision. Further administrative proceedings were conducted, but Lintz's testimony was inappropriately cutoff at the second hearing. The result is that the court is in the same place it was prior to remand. The new decision issued by the second ALJ is almost identical to that issued by ALJ Hogg in the earlier decision that was remanded for rehearing. The few differences in the two are immaterial to the finding that plaintiff was not without fault in receiving the overpayment.[4] Further, there continues to be

---

[4] The new decision provides additional information regarding the case's procedural history and addresses a few issues raised by plaintiff at the April 26, 2013 hearing. However, the

6

no transcript of the testimony upon which the decision rests. Accordingly, the court still lacks a record upon which it can conduct a meaningful review of the Commissioner's decision denying plaintiff's application for a waiver of overpayment.

Furthermore, the ALJ's failure to issue his own decision based on testimony he personally observed is particularly problematic given that this case involves overpayment of benefits. "Unlike a disability determination, a decision of whether a person is at fault [for an overpayment] requires that the decision maker see the person, size up the testimony, and have an opportunity to question the individual about the circumstances involved in his claimed failure to recognize that an overpayment was made." *Elliott v. Weinberger*, 564 F.2d 1219, 1233 (9th Cir. 1997). The ALJ may have physically seen plaintiff, but fell far short of satisfying his obligation to inquire about the circumstances surrounding the overpayment. Accordingly, the decision before the court is not supported by substantial evidence.

IV. CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for summary judgment be granted;

2. The Commissioner's cross-motion for summary judgment be denied;

3. The matter be remanded for further consideration; and

4. The Clerk be directed to enter judgment in plaintiff's favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

---

analysis pertaining to whether plaintiff was without fault in accepting the overpayment appears to be taken verbatim from ALJ Hogg's decision. *Compare* AR 16-18 *with* AR 60-61.

7

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 1, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE