UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIDRA A. LINTZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:11-cv-2837-WBS-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Deidra Lintz is the representative payee for Brandon Blackmon, a disabled individual who receives Supplemental Security Income benefits. After Blackmon was overpaid benefits, Lintz requested a waiver of the recovery of the overpaid amounts. The Commissioner denied the request and Lintz then filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for waivers of recovery of overpayment of Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. On October 20, 2017, the court granted plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, remanded the matter back to the Social Security Administration ("SSA"), and entered judgment in plaintiff's favor. ECF Nos. 27, 28, 29. Plaintiff has now filed two pleadings—one styled as a motion for a protective order and the other as a motion to stay—in which she appears to argue that the SSA

1

has failed to comply with this court's remand order by scheduling another administrative hearing to address her applications for fee waivers. ECF Nos. 33 & 37. The gist of her argument is that she prevailed on summary judgement in this court and should not have to proceed with another administrative hearing. As discussed below, plaintiff misunderstands this court's prior ruling. The order granting summary judgment ordered a remand to the Commissioner for the specific purposed of conducting an administrative hearing. The remand order did not adjudicate the underlying merits of whether plaintiff was entitled to a waiver of the overpayment.

I. Background

Plaintiff is the mother and representative payee of Brandon Blackmon, who was previously awarded SSI benefits. Administrative Record ("AR") 15. In 2006, the Social Security Administration informed plaintiff that there were overpayments of benefits due to unreported income for the periods of March 1, 2005 through December 1, 2005 and November 2006 to April 2007. *Id.* at 20, 30-33. Plaintiff filed requests for waiver of the overpayment recovery (*id.* at 112-121), which were denied initially and on reconsideration (*id.* at 25-29, 36-41). After an administrative hearing, administrative law judge Stanley R. Hogg ("ALJ Hogg") issued a decision denying plaintiff's request. ALJ Hogg found that plaintiff's own testimony demonstrated that plaintiff was not "without fault" in causing or accepting overpayments. *Id.* at 59-62. Plaintiff's subsequent request for Appeals Council review was denied, leaving ALJ Hogg's decision as the final decision of the Commissioner. *Id.* at 69-71.

Plaintiff thereafter filed the instant action challenging the Commissioner's denial of her applications for waivers. ECF No. 1. In July 2012, the court granted the Commissioner's unopposed motion to remand the matter pursuant to sentence six of 42 U.S.C. § 405(g), finding that meaningful review of ALJ Hogg's decision could not be completed because a recording of the administrative hearing was unavailable. ECF Nos. 15, 16. On April 26, 2013, a new hearing was held before administrative law judge Peter F. Belli ("ALJ Belli"). AR 126-155. ALJ Belli issued a decision denying plaintiff's applications for waivers, also finding that plaintiff's testimony established that she was not "without fault" in causing or accepting the overpayments. *Id.* at 15-19. Plaintiff sought review of that decision, but the Appeals Council declined to assume

jurisdiction, leaving the ALJ's June 10, 2013 decision as the final decision of the Commissioner. *Id*. at 3-4; *see* 20 C.F.R. § 416.1484(d).

Thereafter, this case was reopened and the parties filed cross-motions for summary judgment. ECF Nos. 24, 25. On September 1, 2017, this court issued findings and recommendations—which were subsequently adopted in full—concluding that plaintiff's motion for summary judgment should be granted and the matter remanded to the Social Security Administration for further proceedings. ECF Nos. 27, 28. The court again found that the record failed to show whether plaintiff was at fault in receiving the overpayment of benefits because there is no transcript or recording of the testimony. AR 18. The record reflected that ALJ Belli prohibited plaintiff from providing any testimony at the April 26, 2013 hearing despite the order of this court remanding the matter for a hearing to be conducted for that very purpose. Instead, ALJ Belli's decision adopted nearly verbatim extensive portions of the prior decision issued by ALJ Hogg, including the summary of plaintiff's testimony from the first administrative hearing and ALJ Hogg's analysis and reasoning for finding that plaintiff was not without fault. *See* AR 59-62.

As there was no transcript of the first administrative hearing before ALJ Hogg and plaintiff was precluded from testifying at the second hearing before ALJ Belli, the record continued to lack any evidence supporting the ALJ Belli's finding that plaintiff's testimony showed she at fault. Accordingly, plaintiff's motion for summary judgment was granted, the Commissioner's motion was denied, and the matter was remanded to the Commissioner for further proceedings.

II. Discussion

In her motions, plaintiff appears to argue that the Commissioner is not complying with the court's order granting summary judgment in her favor because, after the matter was remanded, the Social Security Administration scheduled a new hearing. ECF Nos. 33 & 37. She appears to believe that further administrative proceedings, including a new hearing, are not appropriate since she prevailed on summary judgment before this court. *Id*. She simply misinterprets the court's order.

The ruling by this court granting summary judgment for plaintiff did not find that she was entitled to the waivers she sought. Instead, it merely determined that the denial of her applications for waivers could not be upheld on the exiting record. The ALJ's decision denying a waiver was purportedly based on plaintiff's testimony and the record was devoid of any evidence regarding that testimony. *See* ECF No. 27.

Accordingly, to comply with the court's remand order, the Commissioner was required to conduct further administrative proceedings—which permissibly includes holding a new hearing—and issue a new decision on whether plaintiff qualifies for waiver of recovery of overpayments.

III. Conclusion

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for a protective order (ECF No. 33) and motion for a stay (ECF No. 37) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 10, 2019.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE